{¶ 30} I respectfully dissent from the majority's conclusion to sustain appellant's first assignment of error.
 {¶ 31} Appellant was convicted in count one of trafficking in crack cocaine. The offense and the concomitant sentence, are defined in R.C. 2925.03(A)(1)(C)(4)(g), which states:
 {¶ 32} "(A) No person shall knowingly do any of the following:
 {¶ 33} "Sell or offer to sell a controlled substance; * * *
 {¶ 34} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 35} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
 {¶ 36} "(g) If the amount of the drug involved equals or exceeds one thousand grams of cocaine that is not crack cocaine or equals or exceeds one hundred grams of crack cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, the offender is a majordrug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under division (D)(3)(b) of section 2929.14 of the Revised Code." (Emphasis added).
 {¶ 37} Count one of the indictment alleged appellant sold, offered to sell, or aided or abetted another in selling or offering to sell an amount of crack cocaine equal to or greater than one hundred grams. As set forth in the statement of facts above, appellant offered to sell and arranged with the confidential informant to buy five ounces of crack cocaine, 141.7475 grams, for $8000.
 {¶ 38} As set forth above, the statute does not require the substance actually sold be crack cocaine. Pursuant to the clear language of R.C. 2925.03(A)(1)(C)(4)(g), a person can be sentenced as a "major drug offender" by offering to sell a controlled substance above certain amounts.
 {¶ 39} I agree with Judge Edward's dissenting opinion in part in Chandler, and therefore, I respectfully dissent from the majority opinion. In State v. Mughni (1987), 33 Ohio St.3d 65, the Supreme Court determined the fact the substance offered is not actually a controlled substance is immaterial for the purposes of R.C. 2925.03(A)(1). Rather, the offense is complete when the offender knowingly offers to sell a controlled substance.
 {¶ 40} Accordingly, I would affirm appellant's conviction pursuant to R.C. 2925.03(A)(1)(C)(4)(g).
 {¶ 41} R.C. 2925.03(A)(1)(C)(4)(g) states an offender convicted under this section is a major drug offender, and the offender shall be sentenced as a major drug offender. R.C. section 2941.1410, which appellant relies on, states a major drug offender specification is required, except as provided in R.C.2925.03. Thus, I do not need to consider whether it was appropriate to find appellant a major drug offender pursuant to R.C. 2941.1410 and 2929.01, as he was convicted and sentenced pursuant to R.C. 2929.03.
 {¶ 42} I concur in the majority's analysis and disposition of appellant's second assignment of error except as it pertains to the major drug offender specification.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed in part, and reversed in part and remanded. Costs assessed to appellant.